IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| V. | : | **CRIMINAL NUMBER 25-57-1** |
| | : | |
| | : | |
| **MD NURUL HASAN** | : | |

### DEFENDANT'S BRIEF IN SUPPORT OF HIS MOTION FOR RELEASE PENDING APPEAL OR IN THE ALTERNATIVE TO EXTEND THE SURRENDER DATE

Defendant, MD Nurul Hasan, by his counsel undersigned, moves for release pending appeal, or in the alternative to extend the surrender date and in support avers as follows:

1. On April, 1, 2025, the Defendant, MD Nurul Hasan, pleaded guilty before this Court to one count of conspiracy, in violation of 18 U.S. C.§ 371 (Count 1), sixteen counts of false information registering and aiding and abetting, in violation of 52 U.S.C. § 10307(c) and 18 U.S.C. § 2 (Counts 2-17), and sixteen counts of fraudulent voter registration and aiding and abetting, in violation of 52 U.S.C. § 20511(2)(A) and 18 § U.S.C. § 2 (Counts 18 through 33). This Court sentenced the Defendant on June 18, 2025, to a term of thirty-six months imprisonment to run concurrently on each count, to be followed by one-year supervised release on each count, run concurrently, and a special assessment of $3,300.00. Judgment was entered on June 23, 2025. The Defendant is directed to surrender to the designated institution on August 15, 2025.

2. **Rule 509(b)** of the Federal Rules of Appellate Procedure state as follows:

    **"(b) Release After Judgment of Conviction.** A party entitled to do so may obtain review of a district-court order regarding release after a judgment of conviction by filing a notice of appeal from that order in the district court, or by filing a motion in the court of appeals if the party has already filed a notice of appeal from the judgment of conviction. Both the order and the review are subject

to Rule 9(a). The papers filed by the party seeking review must include a copy of the judgment of conviction."

Fed. R. App. P. 9

3.    Rule 509(a) of the Federal Rules of Appellate Procedure state as follows:

"(a) Release Before Judgment of Conviction.

(1) The district court must state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal case. A party appealing from the order must file with the court of appeals a copy of the district court's order and the court's statement of reasons as soon as practicable after filing the notice of appeal. An appellant who questions the factual basis for the district court's order must file a transcript of the release proceedings or an explanation of why a transcript was not obtained.

(2) After reasonable notice to the appellee, the court of appeals must promptly determine the appeal on the basis of the papers, affidavits, and parts of the record that the parties present or the court requires. Unless the court so orders, briefs need not be filed.

(3) The court of appeals or one of its judges may order the defendant's release pending the disposition of the appeal."

Fed. R. App. P. 9

4.    Rule 3143(b) under the Federal Rules of Appellate Procedure state as follows:

"Release or detention pending appeal by the defendant.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of

   certiorari, be detained, unless the judicial officer finds--

    (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

    (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

   (i) reversal,

   (ii) an order for a new trial,

   (iii) a sentence that does not include a term of imprisonment, or

   (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

      18   .S.C.A. § 3143

5. The Defendant has filed a timely appeal on July 2, 2025, and raises a substantial question of law likely to result in either a sentence that does not include a term of imprisonment, or an order for a new trial.

6. A **sentence** "will be upheld as reasonable if the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." United States v. Velasquez–Flores, 663 Fed.Appx 138 (3d Cir. 2016)

7. One of the Defendant's appeal issues is that the sentence provided by the Court was an abuse of discretion as the District Judge did not provide sufficient reason to give an upward variance of the sentencing guidelines that were calculated.

8. If the District Court's sentence is procedurally sound, the Court of Appeals will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the District Court provided. U.S. v. Tomko, 562 F.3d 558 (3d Cir. 2009).

9. The Presentence Investigative Report 's Calculation was that the Defendant's total offense level was a 15 and his criminal history was a category I. Which means that his sentencing guideline range under the United States Sentencing Guidelines was 18-24 months imprisonment. The Federal Government in their sentencing Memorandum requested that the Sentencing Court provide a sentence that fell within that range. (Government's Sentencing Memorandum, Page 15).

10. The Sentencing Court abused its discretion in providing a sentence that went above the guideline range, as it did not provide sufficient reason to give an upward variance.

11. A second issue the Defendant is raising on Appeal is that he did not enter into a knowing, voluntary, and intelligent guilty plea due to a language barrier.

12. The court must appoint a qualified interpreter if the defendant "speaks only or primarily a language other than the English language ... so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer, or so as to inhibit such witness' comprehension of questions and the presentation of such testimony." 28 U.S.C. § 1827(d)(1).

13. The interpreter that was provided to the Defendant during the guilty plea was inadequate and spoke a different dialect, which precluded the Defendant from being able to enter into a knowing, voluntary, and intelligent guilty plea.

14. In view of the nonviolent nature of the offense and the Defendant's compliance with his bail conditions before sentencing, the Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released pending his appeal.

15. The appeal is not for the purpose of delay and raises a substantial question of law or fact concerning the dramatic departure for the Sentencing Guidelines and whether the Defendant entered into a knowing, voluntary, intelligent guilty plea.

**WHEREFORE**, it is respectfully requested that this Court grant the instant motion for release pending the appeal, or in the alternative, extend the surrender date.

Respectfully submitted,

Mark P. Much, Esquire
Attorney for Defendant,
MD Nurul Hasan
