IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 25-57-1 |
| MD NURUL HASAN | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
***PRO SE* MOTION FOR COMPASSIONATE RELEASE**

Defendant Nurul Hasan filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). This motion should be denied.

Hasan was sentenced on June 18, 2025. His direct appeal is currently pending. Accordingly, this Court lacks jurisdiction to grant a sentence reduction at this time. Rather, under Federal Rule of Criminal Procedure 37(a) it may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Here, the motion is frivolous, and it should simply be denied.

Section 3582(c)(2) allows a sentence reduction upon application of a retroactive amendment to the Guidelines. Hasan's bare-bones motion simply cites Amendment 821 to the Guidelines, which became effective on November 1, 2023, and modified the criminal history provisions of the Guidelines. This amendment is not retroactive in this case. It was in effect before sentencing, and in fact the Court at sentencing applied the 2024 Guidelines Manual.

1

Amendment 821 had no bearing. It included two parts. First, Part A altered the "status points" provision of the Guidelines that adds criminal history points if the defendant committed the instant offense while subject to another criminal justice sentence. The amended "status points" provision appears at Section 4A1.1(e). Hasan did not commit his offenses while subject to another criminal justice sentence, and therefore no status points at all were applied here.

Second, Part B, Subpart 1 of Amendment 821 created a new provision, Section 4C1.1, that provides a 2-level downward adjustment in offense level for certain offenders who present zero criminal history points. Hasan in fact presented no criminal history points, but as the presentence report correctly noted, PSR ¶ 42, he was not eligible for this reduction because he received an aggravating role adjustment. *See* § 4C1.1(a)(10) (the reduction applies only if "the defendant did not receive an adjustment under §3B1.1 (Aggravating Role)").

In sum, Amendment 821 was already considered in this case, and it had no effect on the defendant's sentence. His motion under Section 3582(c)(2) should be denied.

    Respectfully submitted,
    DAVID METCALF
    United States Attorney

    */s/ Mark B. Dubnoff*
    MARK B. DUBNOFF
    Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by regular mail upon:

MD Nurul Hasan, Inmate No. 63390-511
Federal Prison Camp Schuylkill
P.O Box 670
Minersville, PA 17954

I also certify that a true and correct copy of the foregoing was served by email upon:

Mark Phillip Much,
Michael S. Dugan,
Counsel for the Defendant

Date: October 9, 2025              */s/ Mark B. Dubnoff*
                                   MARK B. DUBNOFF